IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT STEVEN REITZ, | § § § | |
| Plaintiff, | § § | |
| v. | § | No. 1:16-CV-0181-BL |
| | § § | |
| CITY OF ABILENE, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion of Plaintiff to File Plaintiff's Second Amended Complaint and Jury Demand (doc. 50). Defendants John R. Wilson III and Jimmy Woods oppose the motion. *See* Resp. (doc. 51). Plaintiff has filed a reply to the response. *See* Reply (doc. 53). After reviewing the briefing, pleadings, and applicable law, the Court denies the motion.

### I. BACKGROUND

Pursuant to 42 U.S.C. § 1983, Plaintiff filed this civil action against the City of Abilene ("the City"), Officer Jimmy Woods "("Woods"), and Detectives John R. Wilson III ("Wilson") and Larry Tatum ("Tatum"). *See* Pl.'s First Am. Orig. Compl. (doc. 21) (hereinafter "Am. Compl.") at 1, 5. The Court previously addressed whether the amended complaint survived various motions to dismiss. *See* Report & Recommendation (doc. 39); Order (doc. 40). The Court dismissed (1) all claims against the City and terminated that entity as a defendant in this action; (2) official-capacity claims asserted against Woods and Wilson; and (3) an excessive force claim against Woods in his individual capacity. Order at 1-2. These dismissals were with prejudice and without leave to amend. *Id.* The Court thereafter issued a Pretrial Scheduling Order (doc. 47) that set a December 18, 2017 deadline for filing any motion for leave to join other parties or to amend the pleadings.

On December 14, 2017, Plaintiff filed the instant motion for leave to amend to add the Office of the District Attorney of Taylor County, Texas, as a defendant. Mot. at 1. Plaintiff explains that discovery revealed that misconduct by Defendant Tatum was accomplished through improper and unconstitutional policies of the proposed new defendant. *Id.* at 2. In response, Defendants Wilson and Woods raise several concerns about the propriety of permitting the proposed amendment, including futility, undue prejudice, and lack of judicial economy. *See* Resp. at 1-3. While they do not oppose the request to add a new party, they do oppose the proposed amendment to the extent it includes previously dismissed claims. *See id.*

## II. LEAVE TO AMEND

Parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court. *See Foman*, 371 U.S. at 182; *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 333 (5th Cir. 2012).

As the Supreme Court stated long ago, the courts should grant leave absent "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371

U.S. at 182. "The liberal amendment rules of F.R.Civ.P. 15(a) do not require that courts indulge in futile gestures" and when a proposed amended complaint "would be subject to dismissal, leave to amend need not be granted." *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968) (per curiam). "Although the district court should err on the side of allowing amendment, leave to amend should not be given automatically." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). Consistent with the purposes of Rule 15(a), courts "should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation." *Id.*

After considering these legal principles, the briefing, the prior orders of the Court, and the proposed amended complaint, the Court denies Plaintiff leave to amend. Plaintiff seeks leave to amend in order to name a new defendant – the Office of the District Attorney of Taylor County, Texas. Plaintiff, however, does not appear to have a viable claim against that entity. The Fifth Circuit recognizes that some entities are not subject to suit. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991). In 2012, the Fifth Circuit affirmed the dismissal of a Louisiana district attorney's office as a non-jural entity. *See Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686-87 (5th Cir. Aug.10, 2012) (per curiam). Furthermore, federal courts in Texas have relied upon the principles espoused in *Darby* to hold that a county district attorney's office is not a legal entity capable of being sued. *See Liverman v. Denton Cnty.*, No. 4:16-CV-801-ALM-KPJ, 2017 WL 3492307, at *1 (E.D. Tex. Aug. 15, 2017) (adopting recommendation of Mag. J.); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996); *Hubert v. Hoel*, No. 3:04-CV-2573-D, 2005 WL 3148548, at *2 (N.D. Tex. Oct. 19, 2005) (recommendation of Mag. J.) *adopted by* 2005 WL 3150234 (N.D. Tex. Nov. 16, 2005); *Stephens v. Dist. Atty. of Dallas Cnty.*, No. 3:04-CV-1700-

M, 2004 WL 1857085, at *3 (N.D. Tex. Aug. 19, 2004) (recommendation of Mag. J.) *accepted by* 2004 WL 1969403 (N.D. Tex. Sept. 7, 2004).

In accordance with these cases, the Court finds that the Office of the District Attorney of Taylor County, Texas, does not enjoy a separate, legal existence and cannot be sued by Plaintiff. Plaintiff has presented nothing to suggest that Taylor County "has taken explicit steps to grant the servient agency with jural authority" as required under *Darby*. *See* 939 F.2d at 313. The District Attorney's Office cannot initiate litigation on its own behalf. It can only engage in litigation "in concert with the government itself." *Id.* Consequently, if the Court granted Plaintiff leave to amend its complaint to add the new defendant, the newly named defendant would be subject to dismissal. Plaintiff provides no adequate reason to grant him leave to file the amended complaint.

In addition, as Defendants Wilson and Woods point out, the proposed amended complaint includes claims that the Court has already dismissed with prejudice and without leave to amend. Including such claims in the amended complaint is improper.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion of Plaintiff to File Plaintiff's Second Amended Complaint and Jury Demand (doc. 50).

**SO ORDERED on March 26, 2018.**

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE