IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| ROBERT STEVEN REITZ, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:16-CV-0181-BL |
| | § | |
| CITY OF ABILENE, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration "Defendant Taylor County, Texas' Motion to Dismiss for Failure to State a Claim [12(b)(6)]" (doc. 64) [hereinafter Mot. Dismiss]. In response to the motion and purportedly as a matter of right, Plaintiff, Robert Steven Reitz, filed a third amended complaint to address alleged pleading deficiencies set out in the motion to dismiss. *See* Pl.'s Third Am. Orig. Compl. (doc. 67) [hereinafter Third Am. Compl.] at 1-2. Additionally, in a response to the motion, Plaintiff states that the amendment supersedes his prior amended complaint, moots the motion to dismiss, and sets out sufficient facts to survive the motion in any event. *See* Resp. (doc. 68) at 2. Taylor County did not file a reply brief. It instead joined with defendant Larry Tatum to file an answer in which it not only answers the allegations of the most recent amended complaint but states that it stands by its motion to dismiss. *See* Defs. Larry Tatum and Taylor County, Texas' Answer in Resp. to Pl.'s Third Am. Compl. (doc. 69) at 1. The motion is ripe for ruling.[1]

As a preliminary matter, the Court must determine whether Plaintiff properly filed the Third Amended Complaint as a matter of right under Fed. R. Civ. P. 15(a), and if not, whether it should

---

[1] This case proceeds on the written consent of all parties. *See* Joint Rule 26(f) Report (doc. 46) (consent of all original parties); Consent to Proceed Before a United States Magistrate Judge (doc. 86) (consent of Taylor County).

accept the filing as the operative complaint for this action. As necessary, it will address whether the Third Amended Complaint moots the motion to dismiss or whether the motion has merit.

## I. AMENDING AS A MATTER OF RIGHT

Plaintiff contends that he filed his Third Amended Complaint "as a matter of right" under Fed. R. Civ. P. 15(a). Third Am. Compl. at 2. Pursuant to Rule 15(a)(1), parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier. Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court. *See Foman*, 371 U.S. at 182; *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 333 (5th Cir. 2012).

Rule 15(a)(1) provides only a single opportunity to amend "once as a matter of course." *See U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295 (5th Cir. 2003); *Rodriguez v. Windham Educ. Dep't*, No. 6:16-CV-1398, 2017 WL 2569720, at *2 (E.D. Tex. June 13, 2017); *Educ. Mgmt. Servs., L.L.C. v. Slaikeu*, No. CV SA-4-CA-135-OLG, 2014 WL 12586408, at *16 (W.D. Tex. May 23, 2014) (recommendation of Mag. J.) *accepted by* 2014 WL 12586779 (W.D. Tex. June 12, 2014); *Huff v. Crites*, No. C.A. C-10-225, 2010 WL 3909357, at *1 (S.D. Tex. Oct. 1, 2010). Plaintiff utilized his one opportunity when he filed his first amended complaint (doc. 21) in December 2016 in response to earlier motions to dismiss. That Plaintiff filed his Third Amended Complaint within twenty-one days of a more recent motion to dismiss does not provide another

opportunity to amend as a matter of course.

Because Plaintiff cannot again rely on Rule 15(a)(1) to amend his pleading as a matter of course, he must satisfy Rule 15(a)(2), which requires leave of court or the written consent of all opposing parties. Importantly, "failing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect." *Mathews*, 332 F.3d at 296. Nevertheless, "some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." *Id.* at 295 (quoting 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1484, at 601 (1990)).

In this case, it does not appear that allowing the Third Amended Complaint would prejudice any defendant.[2] Subsequent filings of each defendant do not assert any prejudice. To the contrary, they appear to exhibit a lack of prejudice. Taylor County and Tatum filed an answer to that amended pleading. Tatum and the other individual defendants, Officer Jimmy Woods and Detective John R. Wilson III, have each moved for summary judgment on the claims asserted in the Third Amended Complaint. *See* Def. Tatum's Mem. Supp. Mot. Summ. J. (doc. 74) ¶¶ 15, 20 (citing to Third Am. Compl.); Defs. Woods' and Wilson's Br. Supp. Mot. Summ. J. (doc. 77) at 19, 22, 24 (same). Because each of the defendants have relied on the most recently filed complaint without objection, it appears appropriate to consider their reliance as their written consent to the amended pleading. Under that reasonable view, the Third Amended Complaint is the operative complaint in this action and no leave of court is required under Fed. R. Civ. P. 15(a)(2).

---

[2]The Court considers the potential mootness of the motion to dismiss and the prejudice therefrom in the next section.

3

Furthermore, if the Court were to instead decline to construe the after-the-fact written reliance as consent to the amendment, leave of court would be required. But under the circumstances, the Court would have no difficulty in applying the exception noted above to grant leave of court and consider the Third Amended Complaint as the operative pleading. As the Supreme Court stated long ago, the courts should grant leave absent "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman,* 371 U.S. at 182. No party has declared any reason for denying leave, although Taylor County states in its answer to the Third Amended Complaint that it stands by its motion to dismiss. However, even that statement does not go far enough because Plaintiff merely amends his complaint to provide additional detail to combat alleged pleading deficiencies noted in the County's motion to dismiss. Plaintiff does not add new claims or defendants. After considering pertinent legal principles, the briefing, the prior orders of the Court, and the proposed amended complaint, the Court would have granted Plaintiff leave to amend had he sought leave to do so.

For the foregoing reasons, whether by written consent of the defendants or by leave of court, the Third Amended Complaint is the operative pleading for this case now.

## II. DOES AMENDMENT MOOT MOTION TO DISMISS

Had Taylor County filed a motion to dismiss directly against the Third Amended Complaint, granting Plaintiff leave to amend and accepting the already filed amended complaint would render the original motion moot. *See Miller v. Wachovia Bank,* N.A., 541 F. Supp. 2d 858, 860 (N.D. Tex. 2008) (finding an earlier motion to dismiss moot when the same party moved to dismiss a later-filed

complaint on the same grounds as the earlier motion); *Booty v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:03-CV-1997-P, 2004 WL 2645642, at *3 n.4 (N.D. Tex. Nov. 19, 2004) (finding that the filing of an amended complaint followed by a motion to dismiss renders moot an earlier-filed motion to dismiss the original complaint). In this instance, however, the party seeking dismissal did not file a motion to dismiss after the filing of the factually enhanced pleading. It instead filed an answer in which it states that it stands by its prior motion to dismiss.

Of course, the filing of the answer eliminates any subsequent opportunity for Taylor County to seek dismissal of the Third Amended Complaint under Fed. R. Civ. P. 12(b)(6). However, to find the motion moot under these facts would deprive Taylor County of a merits ruling on its motion to dismiss. In fact, because the dispositive motion deadline has already passed, finding the motion moot would deprive Taylor County of a merits ruling on any dispositive motion. If the motion has merit, depriving the County of a merits ruling is the type of prejudice that should preclude acceptance of an amended pleading filed without the requisite leave of court. Under the facts here, it seems the better course is to address the motion to dismiss on its merits rather than deem it moot as Plaintiff suggests.

### III. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Taylor County seeks dismissal of the claims against it on grounds that Plaintiff has failed to plead the requisite factual basis for imposing liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Mot. Dismiss at 1. It bases the motion on "the pleadings and papers on file in this case and the attached memorandum of points and authorities." *Id.* In addition to its supporting memorandum (doc. 65), Plaintiff submits an appendix (doc. 66) containing a transcript of the oral deposition of Defendant Tatum. It relies on that sworn

deposition transcript to combat allegations in the complaint that the County characterizes as grossly misrepresenting his testimony. *See* Mem. Supp. at 1 n.1.

Plaintiff opposes the motion to dismiss as moot and on the merits. Resp. at 2-8. He also specifically points out that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) differs from moving for summary judgment under Rule 56. *See id.* at 3. In doing so, he argues that the County has improperly relied on the deposition testimony and identifies his response as only a response to a motion to dismiss. *See id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a means to dismiss asserted claims for "failure to state a claim for which relief can be granted." Every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When ruling on a Rule 12(b)(6) motion, courts generally examine only the contents of the pleadings and any attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). However, they "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Id.* Furthermore, the courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). In addition, they "draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

In this case, the County presents a transcript from outside the pleadings as support for its

motion to dismiss. As an initial matter, the Court must decide whether it will consider the transcript before further addressing the motion to dismiss. This is "an obvious threshold question that often arises" in the context of a motion to dismiss. *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007). Rule 12(d) of the Federal Rules of Civil Procedure directly addresses the situation:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

This rule mandates certain court action if a court considers matters presented to it that are outside the pleadings, but whether to accept offered material lies within the court's "complete discretion." *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193-94 & n.3 (5th Cir. 1988).

Furthermore, the Fifth Circuit "has recognized one limited exception" to the Rule 12(d) principle. *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Without converting the motion to one for summary judgment, courts may consider any document attached to a motion to dismiss, as "part of the pleadings if they are referred to in the plaintiff's complaint and are central to the [plaintiff's] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Scanlan*, 343 F.3d at 536.

"Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). In this context, "central" is synonymous with "integral." *Gen.*

*Retail Servs., Inc.*, 255 F. App'x at 785. When a pleading refers to a document outside the pleading and that document is attached to a motion to dismiss, a court may not incorporate it into the pleading if it is "merely evidence of an element of the plaintiff's claim." *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (quoting *Kaye*, 453 B.R. at 662).

Here, Taylor County provides sworn testimony from Defendant Tatum to dispute allegations within Plaintiff's operative pleading. Plaintiff could have asserted his alleged facts without citing to the deposition testimony. Unlike a contract that is integral to a party's breach of contract claim, the deposition testimony is not central to Plaintiff's municipal liability claim. Such testimony is mere evidence to support the claim. Indeed, under the County's view, the testimony contradicts rather than supports the claim. To be central or integral to a pleading a submitted document must do more than the proffered deposition testimony.

If the Court were to consider the submitted evidence, it can do so only in the context of summary judgment. Based on the briefing before it, the Court concludes that the better course is to consider the deposition testimony. It thus exercises its discretion to accept the proffered material. Consequently, Fed. R. Civ. P. 12(d) mandates that (1) the motion be treated as a Rule 56 motion for summary judgment and (2) that all parties are provided a reasonable opportunity to present pertinent material regarding the motion. Although Rule 12(d) contemplates converting the existing motion to one for summary judgment and providing the parties with an opportunity to present additional material to contest or support that motion, a reasonable alternative is to deny the current motion without prejudice to movant filing a proper motion that complies with the requirements of Fed. R. Civ. P. 56(a) and the relevant local rules of this Court, including N.D. Tex. L.R. 56.3, 56.5, and 56.6.

Given the facts and circumstances of this case, that alternative provides a more clean and

efficient way to handle the current motion while providing the County with an opportunity to file a proper Rule 56 motion that Plaintiff can appropriately respond in accordance with the Federal Rules of Civil Procedure and the local rules of this Court, including N.D. Tex. L.R. 56.4, 56.5, and 56.6.

## IV. CONCLUSION

Because the Court has exercised its discretion to not exclude the materials presented with the County's motion to dismiss, the Court **CONVERTS** "Defendant Taylor County, Texas' Motion to Dismiss for Failure to State a Claim [12(b)(6)]" (doc. 64) to a motion for summary judgment and **DENIES** that motion without prejudice to the filing of a proper motion under Fed. R. Civ. P. 56(a) in accordance with this order. To give all parties a reasonable opportunity to present all pertinent material relative to summary judgment, the Court sets a **November 28, 2018** deadline for Taylor County to file a motion for summary judgment on Plaintiff's claim of municipal liability. Plaintiff shall have the typical time to respond to that motion and Taylor County shall have the normal time to file a reply brief. *See* N.D. Tex. L.R. 7.1(e) and (f).

SO ORDERED this 31st day of October, 2018.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

9